IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANTHONY T. GREEN,

Petitioner,

v.  Civil Action No. 3:10cv252

VANESSA R. CRAWFORD,

Respondent.

## MEMORANDUM OPINION

Anthony T. Green, a Virginia prisoner proceeding *pro se*, filed this 28 U.S.C. § 2254 petition ("Petition"). Green challenges his conviction in the Circuit Court for the City of Petersburg ("the Circuit Court") for possession of cocaine. Respondent filed a Motion to Dismiss and Rule 5 Answer (Docket Nos. 4, 5) and provided Green with appropriate *Roseboro* notice (Docket No. 7).[1] Respondent moves to dismiss on the ground that Green has failed to exhaust his state court remedies. (Mem. Supp. Respt.'s Mot. Dismiss ¶ 4.) ("Respt.'s Mem.") (Docket No. 6.) Petitioner has filed a response. (Docket No. 10.) The matter is ripe for disposition.

## I. Procedural History

On October 9, 2009,[2] the Circuit Court, pursuant to a conviction for possession of cocaine, sentenced Green to ten years of incarceration, with eight years and seven months suspended. *Commonwealth v. Green*, No. CR09-420. Green did not appeal.

---

[1] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[2] Respondent, in what appears to be a typographical error, identifies the date of sentencing as March 10, 2010. (Respt.'s Mem. ¶ 1.)

On April 9, 2010, Green executed this Petition. (Pet. 15.) Green brings the following two claims:

> Claim One    "I was pulled over on a traffic violation and the police found drugs in the car. They charged me with the drugs but they didn't charge me with the traffic violation." (Pet. 6.)[3]
>
> Claim Two    "My lawyer didn't file [a] motion to suppress evidence." (Pet. 7.)

Respondent filed a motion to dismiss arguing that Green had "not exhausted his state remedies because neither of his claims has been presented to the state court on direct appeal or in a petition for a writ of habeas corpus." (Respt.'s Mem. ¶ 4.) In response, Green wrote only that he disagreed with dismissal "because my rights has been violated and I feel like it's not right for me to be incarcerated due to the fact that my Fourth Amendment was violated." (Counter-Affidavits 1.)

## II. Analysis

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)).

---

[3] Spelling and capitalization errors in Green's submissions have been corrected.

Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lack of exhaustion precludes federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . .").

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, Green has not presented any of his claims for federal habeas relief to the Supreme Court of Virginia. Furthermore, Green has not satisfied the first aspect of exhaustion because he can still file a petition for a writ of habeas corpus with the state courts.[4] *See* Va. Code 8.01-654 (West 2010). Because Green has failed to exhaust his available state remedies, the Petition will be DENIED WITHOUT PREJUDICE to refiling after he has exhausted his state court remedies.

---

[4] In light of Virginia's statute of limitations for a petition for a writ of habeas corpus, Green, however, must file any state petition for a writ of habeas corpus on an urgent basis. *See* Va. Code § 8.01-654(A)(2) (West 2010) ("A habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later.").

### III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be GRANTED. (Docket No. 4.) The Petition (Docket No. 1) will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Green is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order shall issue.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 7-16-10
Richmond, Virginia